IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SEBASTIAN E. YOUNG,
    Petitioner,

vs.                             Case No.:  3:11cv251/MCR/EMT

KENNETH S. TUCKER,
    Respondent.
_____/

**REPORT AND RECOMMENDATION**

    Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed a motion to dismiss the petition as untimely or, alternatively, for failure to state a cognizable claim and failure to exhaust state court remedies (doc. 15).  Respondent also filed relevant portions of the state court record (docs. 15, 16, 17).  Petitioner was provided an opportunity to respond to the motion (*see* docs. 18, 22), but he has not done so.

    This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

    The relevant procedural history of this case is established by the state court record.[1] Petitioner was indicted in the Circuit Court in and for Escambia County, Florida, Case No. 2003-CF-

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (docs. 15, 16, 17).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

1435, on one count of first degree murder with a firearm (Count One) and one count of attempted first degree murder with a firearm and a knife (Count Two) (Ex. A at 1–2).  Following a jury trial on May 2–11, 2005, Petitioner was found guilty of first degree murder as charged and attempted first degree murder during the course of which he discharged a firearm (Ex. B at 290–91–88, Exs. C, D, E, F, G, H, I, J, K).  He was adjudicated guilty and sentenced to life imprisonment without the possibility of parole on Count One, and a consecutive term of life imprisonment without parole on Count Two, with pre-sentence jail credit of 777 days (Ex. B at 306–11).  Petitioner appealed the judgment to the Florida First District Court of Appeal ("First DCA"), Case No. 1D05-2957 (Ex. B at 321, Ex. L).  The First DCA affirmed the judgment per curiam without written opinion on July 7, 2006, with the mandate issuing July 25, 2006 (Ex. N).  Young v. State, 933 So. 2d 528 (Fla. 1st DCA 2006) (Table).

On June 12, 2007, Petitioner filed a motion to correct illegal sentence in the state circuit court, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Ex. O at 1–2).  He subsequently filed an amended motion (*id.* at 6–7).  On May 1, 2008, the state circuit court denied the motion but directed the clerk of court to correct a scrivener's error on the judgment and sentence to correctly reflect that Count Two was a life felony instead of a first degree felony (*id.* at 9–10).  Petitioner appealed the decision to the First DCA, Case No. 1D08-2487 (Ex. O at 24–26, Ex. P).  The appellate court affirmed per curiam without opinion on October 3, 2008, with the mandate issuing October 31, 2008 (Exs. R, S).  Young v. State, 993 So. 2d 524 (Fla. 1st DCA 2008) (Table).

On June 26, 2008, Petitioner filed a habeas petition in the First DCA alleging ineffective assistance of appellate counsel, Case No. 1D08-3172 (Ex. T).  The First DCA denied the petition on the merits on July 17, 2008 (Ex. U).  Young v. State, 988 So. 2d 1114 (Fla. 1st DCA 2008). Petitioner filed a Motion for Clarification and Motion for Certification (Exs. V, W).  The First DCA denied both motions on September 2, 2008 (Ex. X).

On July 7, 2008, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure in the state circuit court (Ex. Y).  On February 24, 2009, the state circuit court struck the motion with leave to file a facially sufficient motion within thirty (30) days (Ex. Z).  On July 31, 2009, Petitioner filed a motion for extension of time, requesting an

additional sixty (60) days to file an amended Rule 3.850 motion (Ex. AA at 1). On August 25, 2009, the state circuit court denied the motion on the ground that Petitioner failed to show good cause for the extension (*id.* at 2). Petitioner filed a motion for reconsideration on September 1, 2009 (*id.* at 3–4). The court denied the motion on February 3, 2010 (*id.* at 6–7). Petitioner appealed the decision to the First DCA, Case No. 1D10-894 (*id.* at 8–9, Ex. BB). On April 23, 2010, the appellate court dismissed the appeal for lack of jurisdiction (Ex. FF).

On June 25, 2010, Petitioner filed a "Petition to Invoke 'All Writs' Jurisdiction Pursuant to Florida Constitution Art. V § 3(b)(7)" in the Florida Supreme Court (Ex. GG). On September 23, 2010, the Florida Supreme Court dismissed the petition for lack of jurisdiction (Ex. HH). Young v. State, 46 So. 3d 568 (Fla. 2010).

Petitioner filed the instant habeas action on May 12, 2011 (doc. 1 at 1).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the limitations period is § 2244(d)(1)(A), the date Petitioner's conviction became final (doc. 15 at 4). Petitioner does not allege, nor does it appear from the pleadings, that any of the statutory triggers set forth in § 2244(d)(1)(B–D) apply. Therefore, the statute of limitations will be measured from the date the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A).

The First DCA affirmed Petitioner's judgment and sentence on July 7, 2006. Petitioner did not seek review of the judgment in the United States Supreme Court; therefore, his conviction became final upon expiration of the 90-day period for doing so, October 6, 2006.[2] *See* Chavers v.

---

[2] The undersigned is aware that on May 1, 2008, the state circuit court directed the clerk of court to correct a scrivener's error on the judgment and sentence to correctly reflect that Count Two was a life felony instead of a first degree felony (Ex. O at 9–10), and the clerk of court corrected the judgment on May 2, 2008 (*see* PD-1, docket entry dated 05/02/2008). The undersigned is additionally aware that when a petitioner is resentenced and an amended judgment is entered, the AEDPA's one-year limitations period begins to run when the amended judgment becomes final. *See, e.g.*, Burton v. Stewart, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (federal limitations period did not begin "until both [petitioner's] conviction and sentence 'became final by the conclusion of direct review . . . .'"); Ferreira v. Sec'y Dep't of Corr., 494 F.3d 1286 (11th Cir. 2007) (addressing issue of what constitutes "judgment" for purposes of AEDPA's statute of limitations when petitioner is resentenced in state court and raised federal habeas claims relating only to original conviction, and holding that judgment on resentencing was judgment which triggered federal limitations period because judgment is based on both conviction and sentence).

In the instant case, however, Petitioner was not resentenced. The change in the written judgment was merely clerical—it only corrected what was essentially a scrivener's error, that is, an incorrect notation that Count Two was a first degree felony instead of a life felony. Petitioner's sentence remained unchanged. Although the Eleventh Circuit has not squarely addressed whether the correction of a clerical error in a judgment restarts the one-year limitation provision of § 2244(d), the logic of United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004) indicates that it does not. In Portillo, the district court corrected a clerical error in the restitution provision of a criminal judgment. Thereafter, the defendant appealed the restitution portion of the amended judgment. The Eleventh Circuit held that the appeal was untimely pursuant to Fed. R. App. P. 4(b)(1)(A), because the defendant should have appealed the restitution order in the original judgment, which he did not do. *Id.* at 1166. The correction of the clerical error did not provide the defendant with a second opportunity to appeal the judgment. *Id.* Moreover, other courts that have addressed this narrow issue appear to have uniformly held that when a court corrects a clerical error in a criminal judgment, the AEDPA's one-year limitations period does not begin anew when the court corrects the clerical error. *See, e.g.*, United States v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002) (§ 2255 limitations period does not begin anew when "appellate court . . . remands for a ministerial purpose that could not result in a valid second appeal"); United States v. Greer, 79 F. App'x. 974 (9th Cir. 2003) (unpublished) (amended judgment which merely corrected a clerical mistake in the original written judgment to clarify the terms of the sentence as orally pronounced at the sentencing hearing did not restart Section 2255's limitation period); Rojas v. United States, Nos. 10-80815-Civ-RYSKAMP, 07-80161-Cr-RYSKAMP, 2011 WL 1467008, at *2–3 (S.D. Fla. Mar. 21, 2011) (entry of amended judgment to correct clerical error, i.e., incorrect "USM number," did not restart § 2255 limitations period) *Report and Recommendation Adopted by* 2011 WL 1467226 (S.D. Fla. Apr. 18, 2011); Martin v. Province, 2010 WL 5093403, at *2 n.2 (N.D. Okla. Dec. 8, 2010) (entry of amended judgment to correct clerical error, i.e., incorrect description of crime as Possession of Controlled Drug, instead of Possession of Controlled Drug with Intent to Distribute, did not restart state habeas petitioner's one-year limitations period for filing § 2254); Perry v. United States, No. 1:09cv1101, 2010 WL 431333, at *3 (W.D. Mich. Jan. 27, 2010)

Secretary, Florida Dept. of Corrections, 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the 90-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate). Petitioner thus had one year from that date, or until October 6, 2007, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira, 494 F.3d at 1289 n.1). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On June 12, 2007, after **248 days** of the federal limitations period elapsed, Petitioner filed a Rule 3.800(a) motion. Respondent concedes this was a tolling motion (doc. 15 at 4). The motion was pending until the First DCA issued the mandate on October 31, 2008.[3]

During the pendency of the Rule 3.800(a) motion, Petitioner filed a Rule 3.850 motion. Respondent concedes this was a tolling motion (doc. 15 at 4). However, Respondent contends the motion was pending only until April 23, 2010, upon issuance of the First DCA's order dismissing

---

(amended judgment clarifying precise amount of restitution was not "operative judgment" for purposes of one-year limitation period for filing § 2255 motion); Mathews v. Sec'y, No. 8:09cv57-T-30EAJ, 2009 WL 5128027, at *1 (M.D. Fla. Dec. 21, 2009) (change in written sentence to correct omission of oral pronouncement that Petitioner was sentenced as habitual felony offender did not restart AEDPA's one-year limitation period); Wray v. Ward, No. 03-CV-067-JHP-PJC, 2007 WL 1822388, at *7 n.4 (N.D. Okla. June 22, 2007) (entry of amended judgments did not affect finality of original judgment and, therefore, did not restart limitations period for § 2254 petition); United States v. Gericke, No. 4:09CR3176, 2007 WL 1291098, at *3 n.2 (D. Neb. Mar. 21, 2007) (second amended judgment, which corrected clerical mistake in first amended judgment, did not restart § 2254 clock). Therefore, the undersigned concludes the 2008 corrected judgment, which did nothing more than correct a clerical or scrivener's error, did not restart the one-year limitations period.

[3] Petitioner's state habeas petition, filed in the First DCA, was filed and reached final disposition during the pendency of his Rule 3.800(a) motion. Therefore, Petitioner would not receive any additional tolling benefit from this state post-conviction application.

Case No. 3:11cv251/MCR/EMT

Petitioner's appeal for lack of jurisdiction (*id.*). Respondent contends Petitioner is <u>not</u> entitled to tolling during the period he unsuccessfully petitioned for "all writs" jurisdiction in the Florida Supreme Court (*id.*).

The undersigned agrees with Respondent that to the extent Petitioner's petition filed in the Florida Supreme Court was an attempt to invoke discretionary review jurisdiction from the First DCA's dismissal of his Rule 3.850 appeal, the Rule 3.850 proceeding was not pending during the pendency of the petition for review. A state application for post-conviction relief is "pending" within the meaning of 28 U.S.C. § 2244(d)(2), "as long as the ordinary state collateral review process is 'in continuance' i.e., 'until the completion of' that process." <u>Carey v. Saffold</u>, 536 U.S. 214, 219–20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *see also* <u>Wade v. Battle</u>, 379 F.3d 1254, 1262 (11th Cir. 2004). In Florida, appellate or discretionary review by the Florida Supreme Court of a district court's dismissal of a post-conviction appeal for lack of jurisdiction is not part of the ordinary state collateral review process. *See* Fla. R. App. P. 9.030(1), (2) (setting forth appeal and discretionary jurisdiction of Florida Supreme Court, and <u>not</u> including review of district court's dismissal of post-conviction appeal for lack of jurisdiction); *see also, e.g.,* <u>Bismark v. Sec'y Dep't of Corr.</u>, 171 F. App'x. 278, 280 (11th Cir. 2006) (holding that petitioner's unsuccessful attempt to invoke the discretionary jurisdiction of the Florida Supreme Court to review the appellate court's per curiam affirmance of the denial of post-conviction relief had no tolling effect on the federal limitations period, because such relief is not available under Florida law); <u>Rich v. Tucker</u>, No. 3:10cv517/MCR/MD, 2011 WL 7068972, at *5 (N.D. Fla. Dec. 9, 2011), *Report and Recommendation Adopted by*, 2012 WL 170754 (N.D. Fla. Jan. 20, 2012) (same); <u>Crompton v. Crosby</u>, No. 5:05cv10/SMP/MD, 2005 WL 3527298, at *8 n.7 (N.D. Fla. Dec. 21, 2005) (underlying state habeas petition cannot be deemed to have remained "pending" during the time in which petitioner improperly sought review of the First DCA's per curiam denial by attempting to invoke the original jurisdiction of the Florida Supreme Court, because such relief was not available). Therefore, the undersigned concludes Petitioner's Rule 3.850 motion was pending only until April 23, 2010.

Additionally, considering Petitioner's petition to the Florida Supreme Court as an independent post-conviction application, it was not "properly filed" within the meaning of § 2244(d)(2). In Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000), the Supreme Court clarified the circumstances under which a motion is "properly filed" for purposes of § 2244(d)(2). The Court specifically noted one instance in which a motion is not "properly filed," that is, when a motion is filed in a court that lacks jurisdiction to hear it. *Id.*, 531 U.S. at 9. In the instant case, the Florida Supreme Court dismissed the "all writs" petition for lack of jurisdiction, citing Williams v. State, 913 So. 2d 541 (Fla. 2005) and St. Paul Title Ins. Corp. v. Davis, 392 So. 2d 1304 (Fla. 1980) (Ex. HH).[4] Therefore, the undersigned concludes that the petition to invoke all writs jurisdiction had no tolling effect on the federal limitations period. *See, e.g.*, Crompton, 2005 WL 3527298, at *8 (petition to invoke all writs jurisdiction in the Florida Supreme Court under article V, section 3(b)(7) of the Florida Constitution, which was dismissed for lack of jurisdiction, was not "properly filed").

The federal limitations clock began ticking again on April 24, 2010, and it ran until the limitations period expired **117 days** later, on August 19, 2010 (248 + 117 = 365). Petitioner did not file any state post-conviction applications during that time. He filed his federal petition until over eight (8) months later, on May 12, 2011. Therefore, it was untimely.

Petitioner does not allege he is entitled to equitable tolling of the federal limitations period. Further, to the extent his references to "actual innocence" in his § 2254 petition (*see* doc. 1 at 6,

---

[4] In Williams, the petitioner filed a petition under the "all writs necessary" provision of article V, section 3(b)(7) of The Florida Constitution (1980), seeking relief from his sentence. 913 So. 2d at 543. The Florida Supreme Court explained that the all writs provision did not constitute a separate source of original or appellate jurisdiction but rather operates in furtherance of the court's "ultimate jurisdiction," conferred elsewhere in the state constitution. *Id*. The court dismissed the case because the petitioner failed to cite an independent jurisdictional basis that would allow the court to exercise its all writs authority, and no such basis was apparent on the face of the petition. *Id*. at 543–44.

In St. Paul Title Ins. Corp, the petitioner filed a petition under the "all writs necessary" provision of article V, section 3(b)(7) of The Florida Constitution, seeking review of a district court decision affirming per curiam without opinion a trial court's decision. 392 So. 2d at 1304. The Florida Supreme Court dismissed the case, explaining: "The all writs provision of section 3(b)(7) does not confer added appellate jurisdiction on this Court, and this Court's all writs power cannot be used as an independent basis of jurisdiction as petitioner is hereby seeking to use it." *Id*. at 1305.

Case No. 3:11cv251/MCR/EMT

7–8)[5] are liberally construed as asserting he is entitled to federal review of his petition through an "actual innocence" or "fundamental miscarriage of justice" exception to the time bar, he has failed to demonstrate he is entitled to review under this exception. An "actual innocence" exception to the AEDPA's one-year time limit, if such an exception exists, requires the petitioner (1) to present new reliable evidence that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt" in light of the new evidence. *See* Rozzelle v. Sec'y, Fla. Dep't of Corr., — F.3d —, 2012 WL 630204, at *9 (11th Cir. Feb. 20, 2012) (quoting Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995)). To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. In the instant case, Petitioner has not supported his allegations with any new reliable evidence of his innocence. Therefore, he has failed to make a threshold showing of actual innocence.

III.   CONCLUSION

Petitioner filed his § 2254 petition after the one-year federal limitations period expired, even considering the tolling effect of properly filed applications for state post-conviction relief filed prior to expiration of the federal limitations period. Further, Petitioner failed to demonstrate he is entitled to federal review of his claims through any recognized exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

IV.   CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

---

[5] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those the parties may have assigned.

Case No. 3:11cv251/MCR/EMT

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (doc. 15) be **GRANTED**.

2. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED with prejudice** as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 20th day of March 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**